(July 15, 1968)

■ PEARL KELLEY, as Administratrix of the Estate of WILLIAM F. KELLEY, Deceased, et al., Appellants, v. CITY OF NEW YORK, Respondent.

BENJAMIN, J. (dissenting). The plaintiffs' intestates, who were 11 and 12 years of age at the time involved herein, met their deaths by drowning after

walking out onto the ice-covered surface of Baisley Pond in Baisley Park, Queens. Although section 29 of the Rules of the Park Department of the City of New York forbade walking or skating on ice except for such places as may be designated or maintained therefor, and Baisley Pond was not such a place at the time in question, many persons were then skating on the ice. A jury could well have found that the surface of the pond was highly dangerous, as there was proof in the case to the effect that the ice cover was not solid and that water was coming through it at various places. Park Department employees and police officers were apparently under instructions to prevent the use of the pond, but wholly failed to act or warn with respect to the obvious danger; and signs were posted near the area warning of danger. An assistant gardener employed by the Department of Parks attempted to rescue the boys with the use of a rope belonging to the Department which he kept stored in his private automobile. The rope unfortunately proved to be too short.

The trial court reluctantly dismissed the case on the authority of *Cunningham* v. *City of Niagara Falls* (269 N. Y. 644). In *Cunningham* an infant girl had drowned while swimming in an artificially created lake in a city park in violation of a local ordinance. Although the city had hired special watchmen to prevent the use of the lake for swimming, it nevertheless was widely used by bathers. The enactment of the ordinance and the hiring of the special watchmen apparently had the effect of relieving the city of any duty of care toward bathers. *Cunningham* does not control the instant case. The condition of the ice could have been found to be highly dangerous, a condition not present in *Cunningham*. Further, the city apparently did not have any employees whose prime responsibility it was to keep persons from going onto the pond or to assist them when the ice collapsed. Under these circumstances a jury could well have found that the city was negligent in its failure to either take more practical steps to exclude persons from the pond or to exercise reasonable supervision of persons using it. Indeed, there is some doubt as to whether the holding in *Cunningham* remains authoritative. (Cf. *Fedearowicz* v. *City of Amsterdam*, 293 N. Y. 814.)

In any event, the case of *Cunningham* v. *City of Niagara Falls* (*supra*) is not authority for the proposition that the city can escape liability in a case in which persons go out onto an ice-covered pond which is in hazardous condition, around which the city maintains no rescue equipment and where posted signs warning of danger contain no reference to the condition of the ice. In this regard, the plaintiffs should have been permitted to offer proof of the standard of supervision customarily used by the Department of Parks. (Cf. *Storm* v. *New York Tel. Co.*, 270 N. Y. 103, 110.)

A jury question was presented as to whether, under the circumstances herein, the city exercised reasonable care. The judgment should be reversed and a new trial granted.

Christ, Acting P. J., Munder and Martuscello, JJ., concur with decision; Benjamin, J., dissents and votes to reverse the judgment and grant a new trial, in opinion, in which Brennan, J., concurs.

Judgment affirmed, without costs (*Cunningham* v. *City of Niagara Falls*, 269 N. Y. 644).